UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. BOZSIK, *Pro Se*, | ) | Case No.: 1:20 CV 1727 |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| WARDEN DAVID MARQUIS, *et al.*, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendants | ) | AND ORDER |

*Pro Se* Plaintiff Steven Bozsik filed this action under 42 U.S.C. § 1983 against Richland Correctional Institution Warden David Marquis and Assistant Warden Rossi Azmoun. In the Complaint, Plaintiff alleges he was not given an appeal of his conduct rules violation conviction. He asserts this was a denial of due process and equal protection. He seeks an Order from this Court requiring Defendants to consider his appeal.

## Background

Plaintiff alleges that he was convicted of a conduct offense in August 2018. He was sanctioned with seven days in restricted housing, one hundred twenty days phone and JPAY restriction and permanent loss of his job in the prison law library. The Warden conducted an automatic review of the conviction and affirmed it on August 7, 2018. The following day, Plaintiff filed an appeal of that conviction with the Warden and Assistant Warden. They did not respond to

this appeal. He sent several kites asking for a response to the appeal but did not receive the relief he requested.

On September 16, 2018, gang members assaulted Plaintiff, which resulted in his hospitalization. For his safety, he was transferred to the Marion Correctional Institution. Still not acknowledging that the Warden's automatic review of the conviction constituted an appeal, Plaintiff asked Marion Correctional Institution staff for assistance in getting Defendants to review the appeal he filed. Marion Correctional Institution staff responded that Richland Correctional Institution did not have a record of an appeal pending in Plaintiff's conduct violation matter. He contends he filed grievances claiming the Defendants refused to address his appeal but they were decided in favor of the Defendants.

Plaintiff acknowledges that he does not have a right to an appeal protected by the Due Process Clause. Nevertheless, he claims he has a right to be treated the same way other inmates are treated. He also asserts that the Ohio Administrative Code places time limitations on the amount of time prison officials can take to address an appeal. He states that failure to comply with the Ohio Administrative Code denied him due process. He seeks an Order from this Court instructing Defendants to review his appeal.

**Standard of Review**

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37

(1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

**Analysis**

The Equal Protection Clause prohibits discrimination by government actors which either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681 -682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). When disparate

treatment is shown, the equal protection analysis is determined by the classification used by government decision-makers.

Plaintiff alleges that the Defendants did not give him a response to the appeal he filed. Instead, the Warden conducted an Automatic Review of the conviction. Plaintiff has not alleged facts suggesting he was treated differently than other inmates convicted of conduct offenses. He fails to state a claim for denial of equal protection.

Furthermore, Plaintiff was not denied due process when the Defendants did not respond to his appeal. Before an individual is deprived of a protected liberty or property interest, procedural due process requires that an individual be given the opportunity to be heard in a meaningful manner. *See Loudermill v. Cleveland Bd. of Educ*., 721 F.2d 550, 563 (6th Cir. 1983). Due process is not triggered, however, if a protected liberty or property interest is not at stake.

Prisoners have narrower liberty interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The question of what process is due is answered only if the inmate establishes a deprivation of a constitutionally protected liberty interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). The Due Process Clause, standing alone, confers no liberty interest in freedom from state action taken within the sentence imposed. *Sandin*, 515 U.S. at 480. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Id*. at 485. "[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement." *Wilkinson*, 545 U.S. at 221.

Generally, unless placement in disciplinary confinement is accompanied by a withdrawal of good time credits or is for a significant period of time that presents an unusual hardship on the inmate, no interest to remain free of disciplinary confinement will be found in the case. *Sandin*, 515 U.S. at 484. Assignment to a super-maximum security prison, for example, triggers due process protections, *Wilkinson*, 545 U.S. at 224, while temporary placement in disciplinary confinement was considered to be "within the range of confinement normally expected for one serving an indeterminate term of 30 years to life," *Sandin*, 515 U.S. at 487.

Plaintiff was not sanctioned with loss of good time credit nor was he placed in disciplinary confinement for a significant period of time in relation to ordinary prison life. He did not have a protected liberty interest at stake in the disciplinary hearing. Therefore, failure to provide him with an appeal in addition to the Warden's automatic review did not deprive him of due process.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 9, 2020